**In re Harry W. RODGERS, III, et al., Petitioners.**

**No. 76–1525.**

United States Court of Appeals, Fourth Circuit.

Argued May 18, 1976.

Decided May 20, 1976.

Thomas C. Green and William W. Taylor, III, Washington, D. C., for Harry W. Rodgers, III.

Arnold M. Weiner, Baltimore, Md., for Marvin Mandel.

William G. Hundley, Washington, D. C., for W. Dale Hess.

Michael E. Marr, Baltimore, Md., for William A. Rodgers.

Norman Ramsey, Baltimore, Md., for Irvin Kovens.

Joseph A. DePaul, College Park, Md., for Ernest Cory, Jr.

Jervis S. Finney, U. S. Atty., Baltimore, Md. (on brief); Barnet D. Skolnik, Ronald S. Liebman, Daniel J. Hurson, Baltimore, Md., for the United States.

Before CRAVEN, BUTZNER and WIDENER, Circuit Judges.

PER CURIAM:

■ Harry W. Rodgers, III, Marvin Mandel, W. Dale Hess, William A. Rodgers, Irvin Kovens, and Ernest Cory, Jr., have applied for a writ of mandamus against the Honorable Herbert F. Murray, United States District Judge for the District of Maryland.[1] They allege that Judge Murray erred when he declined to recuse himself from presiding over a criminal trial in which all of the petitioners are charged with violations of 18 U.S.C. § 1341, the mail fraud statute, and some with violations of 18 U.S.C. § 1961 et seq., the antiracketeering statutes. We grant the writ because we believe his disqualification is required by 28 U.S.C. § 455(b)(2).

The petitioners affirmatively state that Judge Murray has no personal bias or prejudice against them or in favor of the government. Therefore, they do not seek to disqualify him under 28 U.S.C. § 144.[2]

■ The principal ground for disqualification on which the petitioners rely relates to the professional services rendered by a former law partner of the judge while they were members of the same firm before the judge took office. For many years, Richard W. Case, the judge's former partner, represented Pimlico race track. Before the judge left the firm, his partner conferred with the owners of Pimlico to formulate their position on the consolidation of Maryland's one-mile tracks. He also conferred with them about making an offer to purchase Marlboro track. The judge knew nothing about these conferences. After the judge left the firm, his partner continued representing Pimlico in these matters, ultimately participating in drafting a consolidation bill which was passed by the Maryland legislature. He also prepared an offer for the purchase of the Marlboro track which was rejected by the owners because the tendered price was insufficient. Neither the government nor the petitioners

1. A refusal to disqualify is reviewable by mandamus. *See, e. g., Pfizer, Inc. v. Lord,* 456 F.2d 532, 536 (8th Cir. 1972); *Rosen v. Sugarman,* 357 F.2d 794, 796 (2d Cir. 1966); *In re Union Leader Corp.,* 292 F.2d 381, 384 (1st Cir. 1961); *United States v. Ritter,* 273 F.2d 30, 32 (10th Cir. 1959); *Gladstein v. McLaughlin,* 230 F.2d 762, 763 (9th Cir. 1955); *cf., Yablonski v. United Mineworkers,* 147 U.S.App.D.C. 193, 454 F.2d 1036, 1037–38 (1971); *General Tire & Rubber Co. v. Watkins,* 331 F.2d 192, 194 (4th Cir. 1964). *Contra, Action Realty Co. v. Will,* 427 F.2d 843, 845 (7th Cir. 1970); *Albert v. United States District Court,* 283 F.2d 61, 62–63 (6th Cir. 1960); *Green v. Murphy,* 259 F.2d 591, 594 (3rd Cir. 1958). *See generally* 9 Moore's Federal Practice, ¶ 110.13[10] at 187 & n. 3.

2. 28 U.S.C. § 144 provides in part:

Whenever a party to any proceeding in a district court makes and files a timely and sufficient affidavit that the judge before whom the matter is pending has a personal bias or prejudice either against him or in favor of any adverse party, such judge shall proceed no further therein, but another judge shall be assigned to hear such proceeding.

charge that the judge's former law partner did anything unlawful or improper.

The petitioners were also interested in the consolidation bill, and they are charged with using unlawful means to secure its passage. They, too, were interested in acquiring the Marlboro race track. After the owners rejected the offer made by the clients of the judge's former law partner, they sold the track to some of the petitioners.

The evidence also discloses that both the district judge's former law partner and one of the owners of Pimlico whom he represented will undoubtedly testify about the events that took place before the judge withdrew from his law firm. The petitioners assert that they will attempt to prove that the conduct for which they have been indicted was no more culpable than the conduct of the client represented by the judge's former law partner. They will attempt to use the partner and his client as witnesses to prove that their goals were identical and legitimate. The government, of course, does not agree with the petitioners. But it acknowledges, at least for the purpose of this proceeding, that this evidence would be relevant.

Title 28 U.S.C. § 455(b)(2) provides that a judge shall disqualify himself in the following circumstances:

> Where in private practice he served as lawyer in the *matter in controversy*, or a lawyer with whom he previously practiced law served during such association as a lawyer concerning the *matter*, or the judge or such lawyer has been a material witness concerning it. [Italics added.]

The government contends that the statute's terms, "matter" and "matter in controversy," should be construed to mean the actual case before the court. Even if the government's reading of the statute is accepted, the services rendered by the judge's former law partner fall within its terms. This is so because the actual case before the court consists of more than the charges brought by the government. It also includes the defense asserted by the accused. Here, this defense, in part at least, will consist of evidence of matters in which the judge's former partner served as a lawyer. We hold, therefore, that the former partner's representation of Pimlico with respect to the consolidation study and his preliminary work for the attempted purchase of Marlboro before the judge withdrew from the firm is a matter in controversy within the meaning of 28 U.S.C. § 455(b)(2).[3] The legislative history indicates that disqualification under this statutory provision is mandatory. H.Rep. No. 93–1453, 93d Cong. 2d Sess., 3 U.S.Code Cong. & Admin.News pp. 6351, 6355 (1974). Accordingly, we think the writ should issue.

Since the petitioners disclaim any suggestion that Judge Murray is personally biased or prejudiced, they agree that the decisions he has made on pretrial motions should remain the law of the case and should not be vacated. We therefore hold that the judge who is appointed to preside over the case need not review Judge Murray's rulings because Judge Murray is disqualified from proceeding further with the case. Counsel indicate that prompt substitution of a judge should not delay the trial, which is set to begin on June 1, 1976. We agree, and have expedited the hearing on this application and the filing of this opinion in order to preserve that schedule. We are confident that Judge Murray will recuse himself without awaiting service of a writ of mandamus.

---

3. We do not, however, express any opinion as to the validity of this defense or the admissibility of evidence to establish it.