833 F.2d 309
Unpublished Disposition
 NOTICE: Fourth Circuit I.O.P. 36.6 states that citation of unpublished dispositions is disfavored except for establishing res judicata, estoppel, or the law of the case and requires service of copies of cited unpublished dispositions of the Fourth Circuit.
In Re Eugene P. KING, Petitioner.
 No. 87-3578.
 United States Court of Appeals, Fourth Circuit.
 Submitted Aug. 7, 1987.
Decided Nov. 5, 1987.
 
 Eugene P. King, petitioner pro se.
 Before DONALD RUSSELL, K.K. HALL, and WILKINSON, Circuit Judges.
 PER CURIAM:
 
 
 1
 Eugene P. King, proceeding pro se, has applied to this Court for a writ of mandamus compelling Senior District Judge Robert R. Merhige Jr. to recuse himself from further proceedings in King's civil action now pending in the district court. Construing King's broadly drawn petition as liberally as reasonable without reading any more into it than is apparent on its face, it appears that King senses that the district judge is biased and prejudiced against him merely because he granted defendants an enlargement of time for answering King's complaint and refused to reassign King's civil action to another judge. See King v. United States, C/A No. 87-0346R (E.D.Va. June 2, 1987).
 
 
 2
 A district judge's refusal to disqualify himself can be reviewed by way of a petition for a writ of mandamus. In re Rodgers, 537 F.2d 1196 (4th Cir.1976).* The granting of a writ of mandamus is a drastic remedy to be used only in extraordinary circumstances. Kerr v. United States, 426 U.S. 394, 402 (1976). The party seeking mandamus relief carries the heavy burden of showing that he has no other adequate means to attain the relief he desires and that his right to such relief is clear and indisputable. In re Beard, 811 F.2d 818, 826 (4th Cir.1987). It is the law of this Circuit that
 
 
 3
 Alleged bias and prejudice to be disqualifying must stem from an extrajudicial source and result in an opinion on the merits on some basis other than what the judge learned from his participation in the case.... The nature of the bias must be personal rather than judicial.... On review, the question is whether the judge abused his discretion in denying a recusal motion.... And it is not an abuse of discretion if the complaint is merely based upon the judge's rulings in the instant case or related cases or attitude derived from his experience on the bench.
 
 
 4
 Shaw v. Martin, 733 F.2d 304, 308 (4th Cir.1984).
 
 
 5
 King's petition for a writ of mandamus and the several paperwritings submitted in support thereof do not disclose how, or to what extent, the judge's refusal to disqualify himself constitutes an abuse of judicial discretion, nor do they reveal any other extraordinary circumstances warranting our issuing of the writ. Accordingly, his petition for a writ of mandamus will be denied.
 
 
 6
 King's petition also questions the authority of the United States Attorney representing the government in his underlying civil action to represent federal employees and one nonfederal employee named parties-defendant in that action; King requests "an investigation and appropriate corrective action...." We decline to address this point; King's civil action remains pending before the district court and King may challenge the parties' representation in that forum.
 
 
 7
 The petition for a writ of mandamus is denied and this action is dismissed.
 
 
 8
 DISMISSED.
 
 
 
 *
 But see City of Cleveland v. Krupansky, 619 F.2d 576 (6th Cir.1980). For a review of federal cases considering the use of a writ of mandamus to require a judge's disqualification, see 56 ALR Fed. 494