862 F.2d 314
Unpublished Disposition
 NOTICE: Fourth Circuit I.O.P. 36.6 states that citation of unpublished dispositions is disfavored except for establishing res judicata, estoppel, or the law of the case and requires service of copies of cited unpublished dispositions of the Fourth Circuit.
In re Francis R. HOLLEY, Petitioner.
 No. 87-8004.
 United States Court of Appeals, Fourth Circuit.
 Submitted May 31, 1988.
Decided Oct. 27, 1988.
 
 Francis R. Holley, appellant pro se.
 Before K.K. HALL, JAMES DICKSON PHILLIPS, and CHAPMAN, Circuit Judges.
 PER CURIAM:
 
 
 1
 Francis Russell Holley, a Maryland state prisoner, has petitioned this Court for a writ of mandamus. He seeks a variety of forms of relief, including an order directing removals of the trial judge assigned to his pending civil rights action brought under 42 U.S.C. Sec. 1983 and of the magistrate to whom his action was referred, general and punitive damages, release on bond or recognizance, a restraining order enjoining the Maryland Department of Corrections from conspiring against him, a change of venue, and leave to proceed in forma pauperis. We grant Holley leave to proceed in forma pauperis, deny his petition for a writ of mandamus and dismiss this action.
 
 
 2
 Holley's underlying Sec. 1983 action is premised on alleged deliberate indifference to his medical needs. His civil action has been the subject of an earlier appeal to this Court. See Holley v. State of Maryland Correctional Institutions, No. 86-6562 (4th Cir. Jun. 27, 1986) (unpublished).
 
 
 3
 The first points we consider are Holley's prayers for this Court to remove the district judge and the magistrate from hearing his Sec. 1983 action. Construing Holley's broadly-drawn, rambling, paperwritings as liberally as is reasonable without reading more into them than is facially apparent, it appears that Holley senses the district judge is biased against him because, among other reasons, the judge is allegedly conspiring to "pass vital information back to Division of Correctional Offices"; however, Holley offers no evidence in support of his theory. Holley's dissatisfaction with the magistrate appears to arise merely from the fact that the magistrate previously recommended dismissal of Holley's complaint.
 
 
 4
 A district judge's refusal to disqualify himself can be reviewed by way of a petition for a writ of mandamus. In re Rodgers, 537 F.2d 1196 (4th Cir.1976).* However, the granting of a writ of mandamus is a drastic remedy to be used only in extraordinary circumstances. Kerr v. United States, 426 U.S. 394, 402 (1976). The party seeking mandamus relief carries the heavy burden of showing that he has no other adequate means to attain the relief he desires and that his right to such relief is clear and indisputable. In re Beard, 811 F.2d 818, 826 (4th Cir.1987). It is the law of this Circuit that
 
 
 5
 Alleged bias and prejudice to be disqualifying must stem from an extrajudicial source and result in an opinion on the merits on some basis other than what the judge learned from his participation in the case.... The nature of the bias must be personal rather than judicial.... On review, the question is whether the judge abused his discretion in denying a recusal motion.... And it is not an abuse of discretion if the complaint is merely based upon the judge's rulings in the instant case or related cases or attitude derived from his experience on the bench.
 
 
 6
 Shaw v. Martin, 733 F.2d 304, 308 (4th Cir.1984).
 
 
 7
 Holley's petition for a writ of mandamus and the several paperwritings submitted in support do not disclose how, or to what extent, the judge's refusal to disqualify himself or to remove the magistrate constitutes an abuse of judicial discretion, nor do they reveal any other extraordinary circumstances warranting our issuing the writ.
 
 
 8
 Holley's prayers for damages, injunctive relief, a change of venue, and release pending resolution of his Sec. 1983 action are equally without merit; the relief he seeks is relief properly within the jurisdiction of the district court and his claims for such should be advanced there. If Holley is aggrieved by the district court's disposition of his action, his recourse is to appeal again to this Court. We do not condone the extraordinary remedy of mandamus to circumvent the normal trial and appellate processes. See In re United Steelworkers of America, 595 F.2d 958, 960 (4th Cir.1979), and Holmes v. United States Board of Parole, 541 F.2d 1243, 1247 (4th Cir.1976).
 
 
 9
 Accordingly, Holley's application to proceed in forma pauperis is granted, his petition for writ of mandamus is denied, and this action is dismissed.
 
 
 10
 DISMISSED.
 
 
 
 *
 But see City of Cleveland v. Krupansky, 619 F.2d 576 (6th Cir.1980). For review of federal cases considering the use of a writ of mandamus to require a judge's disqualification, see 56 ALR Fed. 494. See also 28 U.S.C. Secs. 144 and 455, governing recusal and disqualification of judges and magistrates