944 F.2d 903
 NOTICE: Fourth Circuit I.O.P. 36.6 states that citation of unpublished dispositions is disfavored except for establishing res judicata, estoppel, or the law of the case and requires service of copies of cited unpublished dispositions of the Fourth Circuit.
UNITED STATES of America, Plaintiff-Appellee,
v.
Roberto Caballero RANGEL, a/k/a Beto, Defendant-Appellant.
 No. 91-5134.
 United States Court of Appeals, Fourth Circuit.
 Submitted July 22, 1991.
Decided Sept. 25, 1991.
 
 Appeal from the United States District Court for the Middle District of North Carolina, at Greensboro. Frank W. Bullock, Jr., District Judge. (CR-88-138-G)
 Walter T. Johnson, Jr., Greensboro, N.C., for appellant.
 Robert H. Edmunds, Jr., United States Attorney, David B. Smith, Assistant United States Attorney, Greensboro, N.C., for appellee.
 M.D.N.C.
 AFFIRMED.
 Before WIDENER, MURNAGHAN and WILKINSON, Circuit Judges.
 OPINION
 PER CURIAM:
 
 
 1
 Roberto Caballero Rangel was indicted for two drug related offenses. He was arrested in Colombia, South America, and extradited to the United States pursuant to Extraordinary Decree No. 168. Under a plea agreement, Rangel pled guilty to a superseding information charging him with conspiracy with intent to distribute and distributing multi-kilogram quantities of cocaine. Rangel provided information to the government about some of his co-defendants in exchange for the government's agreement to a twelve year cap on his sentence. The district court accepted the plea agreement and sentenced Rangel to nine years in prison. Rangel appeals, contending that the sentence is excessive because Extraordinary Decree No. 168 requires leniency in sentencing extradited Colombian citizens and because the judge did not reduce his sentence by fifty percent as was recommended for one of his co-defendants who also cooperated with the government. We find no merit to Rangel's contentions; we affirm his sentence.
 
 
 2
 Rangel committed his offenses before the sentencing guidelines took effect. Under pre-guidelines law, sentencing is within the exclusive province and discretion of the trial judge. United States v. Pruitt, 341 F.2d 700, 703 (4th Cir.1965). In general, as long as a sentence is within the statutory limits, it is not subject to appellate review. United States v. Tucker, 404 U.S. 443, 446-47 (1972); United States v. Owens, 902 F.2d 1154, 1157 (4th Cir.1990). Only in exceptional circumstances may a sentence within statutory limits be reviewed, such as where sentence discretion is not exercised at all or is grossly abused. See Dorszynski v. United States, 418 U.S. 424, 443 (1974); United States v. Akinseye, 802 F.2d 740, 746 (4th Cir.1986), cert. denied, 482 U.S. 916 (1987).
 
 
 3
 Rangel, a Colombian citizen, contends that Extraordinary Decree No. 168 pursuant to which he was extradited requires that leniency be applied in sentencing. This diplomatic agreement between Colombia and the United States places a thirty year cap on sentences imposed on extradited Colombian citizens. Rangel's nine year sentence is well within the limits of this requirement and is much shorter than the life sentence Rangel could have received under 21 U.S.C. § 841(b)(1)(A) had he not been extradited under Extraordinary Decree No. 168. Furthermore, the sentence is three years shorter than the maximum sentence the court could have imposed under the plea agreement. Absent gross abuse of discretion or other exceptional circumstances, Rangel's sentence is not subject to appellate review, because the sentence is within the statutory limits.
 
 
 4
 Rangel asserts that his nine year sentence was excessive in light of the fifty percent sentence reduction the government recommended for one of his co-defendants. However, co-defendants need not receive identical sentences. United States v. Truelove, 482 F.2d 1361 (4th Cir.1973). Mere disparity of sentences for violators of an identical statute is insufficient to demonstrate an abuse of discretion by the trial court. Owens, 902 F.2d at 1157.
 
 
 5
 Paragraph 3.3 of Extraordinary Decree No. 168 requires a country requesting extradition to guarantee that it will respect human rights in a non-discriminatory way. Rangel argues that Paragraph 3.3 mandates that his sentence be reduced as recommended for co-defendant Gamber. Given the different circumstances of these co-defendants, however, we find no discrimination within the meaning of Paragraph 3.3.
 
 
 6
 Rangel failed to demonstrate that the district court abused its discretion in sentencing him. The nine year sentence is well within the statutory limits and is below the thirty year cap imposed by Extraordinary Decree No. 168 and the twelve year cap of the plea agreement. We therefore affirm the sentence.
 
 
 7
 We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before the Court and argument would not aid the decisional process.
 
 
 8
 AFFIRMED.