**UNPUBLISHED**

**UNITED STATES COURT OF APPEALS**

**FOR THE FOURTH CIRCUIT**

UNITED STATES OF AMERICA,
Plaintiff-Appellee,

v.                                                                No. 97-4126

DONALD HOLDEN, a/k/a 8-Ball,
Defendant-Appellant.

Appeal from the United States District Court
for the District of South Carolina, at Charleston.
David C. Norton, District Judge.
(CR-94-589)

Submitted: March 17, 1998

Decided: April 27, 1998

Before HAMILTON and WILLIAMS, Circuit Judges, and
PHILLIPS, Senior Circuit Judge.

_____

Affirmed by unpublished per curiam opinion.

_____

**COUNSEL**

Donald Budman, SOLOMON, BUDMAN, STRICKER &
SCHWARTZ, L.L.P., Charleston, South Carolina, for Appellant.
Robert Hayden Bickerton, Assistant United States Attorney, Charles-
ton, South Carolina, for Appellee.

_____

Unpublished opinions are not binding precedent in this circuit. See Local Rule 36(c).

_____

**OPINION**

PER CURIAM:

Donald Holden pled guilty pursuant to a plea bargain to conspiracy to possess with intent to distribute cocaine, in violation of 21 U.S.C.A. § 846 (West Supp. 1997); and conspiracy to launder money, in violation of 18 U.S.C.A. § 1956(h) (West Supp. 1997). The district court sentenced Holden to 168 months to be served concurrently, followed by five years of supervised release. Holden appeals his conviction and sentence.

Holden's counsel has filed a brief in accordance with Anders v. California, 386 U.S. 738 (1967). He acknowledges that the guideline range was fixed by stipulation of the parties, and the court sentenced within that range, articulating its reasons for sentencing toward the top of the range. Holden's counsel provided him with a copy of the Anders brief and informed him of his right to file a pro se supplemental brief. Holden has not done so. We affirm.

Holden was a member of a drug ring that brought cocaine from Florida to the greater Charleston, South Carolina area over a number of years. Holden distributed the drugs in Charleston and sometimes transported money to Florida. Holden was indicted on six counts of a fourteen-count indictment. He pled guilty to two conspiracy counts, and the remaining counts were dismissed. Counsel for Holden raises the propriety of the district court's sentencing Holden toward the top of the guideline range, but concedes that a court's sentencing within those limits is reviewed only for gross abuse of discretion. United States v. Owens, 902 F.2d 1154, 1157 (4th Cir. 1990). The district court stated that the sentence imposed was at the upper end of the range because of Holden's criminal history. We perceive no gross abuse of discretion in the district court's sentence.

In accordance with Anders, we have examined the entire record in this case and find no reversible error. We therefore affirm Holden's

2

conviction and sentence. This court requires that counsel inform his client in writing of his right to petition the Supreme Court of the United States for further review. If the client requests that a petition be filed, but counsel believes that such a petition would be frivolous, then counsel may move in this court for leave to withdraw from representation. Counsel's motion must state that a copy thereof was served on the client.

We deny the Government's motion to file a brief in response as moot. We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before the court and oral argument would not aid the decisional process.

AFFIRMED

3