**UNPUBLISHED**

UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

---

**No. 00-1434**

---

In Re: DONNA M. BRIGGS,

Petitioner.

---

On Petition for Writ of Mandamus.
(CA-98-288, CA-99-83)

---

Submitted: July 11, 2000          Decided: July 12, 2000

---

Before MOTZ, TRAXLER, and KING, Circuit Judges.

---

Petition denied by unpublished per curiam opinion.

---

Donna Briggs, Petitioner Pro Se.

---

Unpublished opinions are not binding precedent in this circuit. See Local Rule 36(c).

PER CURIAM:

Donna M. Briggs has filed a petition for a writ of prohibition or in the alternative for a writ of mandamus from this court seeking recusal of the district judge and magistrate judge presiding over her civil action. Briggs also seeks a writ of mandamus from this court with respect to certain discovery issues resolved adversely to her in the district court. Mandamus is a drastic remedy to be used only in extraordinary circumstances. See Kerr v. United States Dist. Court, 426 U.S. 394, 402 (1976). Mandamus relief is only available when there are no other means by which the relief sought could be granted, see In re Beard, 811 F.2d 818, 826 (4th Cir. 1987), and may not be used as a substitute for appeal. In re Catawba Indian Tribe of S. Carolina, 973 F.2d 1133, 1135 (4th Cir. 1992). The more appropriate forum for Briggs's claims regarding the management of discovery in her civil action is a direct appeal from the district court's final order.

In contrast, Briggs's claims regarding the district court's and magistrate judge's refusal to recuse themselves are reviewable by way of mandamus. See In re Beard, 811 F.2d at 827; In re Rodgers, 537 F.2d 1196, 1197 n.1 (4th Cir. 1976). However, the nature of the alleged bias warranting recusal must be personal and not arising out of the litigation. See In re Beard, 811 F.2d at 827. Briggs has not presented anything in this court or in the district court that would suggest that either the district judge

2

or magistrate judge are personally biased against her. Accordingly, we deny mandamus relief. Similarly, finding that Briggs has not shown she would be irreparably injured absent a stay of the district court's proceedings, we deny Briggs's motions for a stay and for a protective order from this court. See Hilton v. Braunskill, 481 U.S. 770, 776 (1987); Long v. Robinson, 432 F.2d 977, 979 (4th Cir. 1970). Briggs's motions to compel discovery and to impose sanctions are also denied. We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before the court and argument would not aid the decisional process.

PETITION DENIED