**UNPUBLISHED**

UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

No. 19-6745

HOWARD WHITE,

Petitioner - Appellant,

v.

THE UNITED STATES DISTRICT COURT FOR EASTERN DISTRICT OF
VIRGINIA (ALEXANDRIA DIVISION),

Respondent - Appellee.

Appeal from the United States District Court for the Eastern District of Virginia, at
Alexandria. Anthony John Trenga, District Judge. (1:18-cv-00214-AJT-MSN)

Submitted: December 30, 2019                         Decided: January 16, 2020

Before WILKINSON and WYNN, Circuit Judges, and TRAXLER, Senior Circuit Judge.

Dismissed by unpublished per curiam opinion.

Howard White, Appellant Pro Se.

Unpublished opinions are not binding precedent in this circuit.

PER CURIAM:

Howard White seeks to appeal the district court's orders dismissing as untimely his 28 U.S.C. § 2254 (2018) petition and denying reconsideration. The orders are not appealable unless a circuit justice or judge issues a certificate of appealability. 28 U.S.C. § 2253(c)(1)(A) (2018). A certificate of appealability will not issue absent "a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2) (2018). When the district court denies relief on the merits, a prisoner satisfies this standard by demonstrating that reasonable jurists would find that the district court's assessment of the constitutional claims is debatable or wrong. *Slack v. McDaniel*, 529 U.S. 473, 484 (2000); *see Miller-El v. Cockrell*, 537 U.S. 322, 336-38 (2003). When the district court denies relief on procedural grounds, the prisoner must demonstrate both that the dispositive procedural ruling is debatable, and that the petition states a debatable claim of the denial of a constitutional right. *Slack*, 529 U.S. at 484-85. We have independently reviewed the record and conclude that White has not made the requisite showing.

White also appeals the district court's denial of his motion for recusal. We review a judge's recusal decision for abuse of discretion. *United States v. Stone*, 866 F.3d 219, 229 (4th Cir. 2017). White fails to establish that recusal was required. *See Belue v. Leventhal*, 640 F.3d 567, 572-74 (4th Cir. 2011) (discussing valid basis for bias or partiality motion); *United States v. Lentz*, 524 F.3d 501, 530 (4th Cir. 2008) ("The presiding judge is not . . . required to recuse himself simply because of unsupported, irrational or highly tenuous speculation." (internal quotation marks omitted)). Although White notes that he sued the presiding judge, "[p]arties cannot . . . create the basis for recusal by their own

2

deliberate actions." *United States v. Owens*, 902 F.2d 1154, 1156 (4th Cir. 1990). We therefore conclude that the district court did not abuse its discretion in denying the recusal motion.

Accordingly, we deny a certificate of appealability, deny White's motion for an administrative stay, and dismiss the appeal. We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before this court and argument would not aid the decisional process.

*DISMISSED*