United States Court of Appeals,

Eleventh Circuit.

Nos. 95-2952, 95-3696.

David Michael SUMMERS, Petitioner-Appellant,

v.

Harry K. SINGLETARY, Jr., Respondent-Appellee.

Aug. 15, 1997.

Appeals from the United States District Court for the Northern District of Florida. (No. 92-30085-CIV-LAC), Lacey A. Collier, Judge.

Before DUBINA and BLACK, Circuit Judges, and COHILL[*], Senior District Judge.

COHILL, Senior District Judge:

Appellant David Michael Summers ("Summers") appeals the denial of his motion for disqualification pursuant to 28 U.S.C. § 455(b), and the district court's grant of summary judgment for the state in his petition for habeas corpus relief. For the reasons set forth below, we will affirm the district court on all issues.

I. BACKGROUND

A. Procedural History

Summers was charged in state court with armed burglary, kidnaping, sexual battery with a firearm, and aggravated assault. He pled guilty to sexual battery with a firearm, and a *nolle prosequi* was entered for the remaining counts of the indictment. On April 22, 1983, Summers was sentenced to two hundred years imprisonment, with jurisdiction retained by the state for a review of parole release for a period of one hundred years.

Summers appealed his conviction to the District Court of Appeal, First Appellate District of Florida. He also filed a motion for post-conviction relief pursuant to Fla.R.Crim.P. 3.850, which raised an ineffective assistance claim against his counsel. The motion was denied. Appeal was consolidated with the direct appeal of judgment and conviction. The District Court of Appeals

[*]Honorable Maurice B. Cohill, Jr., Senior U.S. District Judge for the Western District of Pennsylvania, sitting by designation.

affirmed on December 19, 1984. *Summers v. State,* 463 So.2d 311 (Fla.Dist.Ct.App.1984). The Supreme Court of Florida denied review. *Summers v. State,* 475 So.2d 696 (Fla.1985).

Summers filed his first federal habeas corpus petition under 28 U.S.C. § 2254 on April 30, 1986, alleging ineffective assistance of counsel. The district court denied his petition and this court affirmed by unpublished opinion on November 1, 1988.

Summers subsequently filed a second petition for post-conviction relief in state court, alleging ineffective assistance and newly discovered evidence. The circuit court denied the motion and the District Court of Appeals affirmed. *Summers v. State,* 573 So.2d 843 (Fla.Dist.Ct.App.1991).

On February 5, 1992, Summers filed his second federal habeas corpus petition. The motion was referred to Magistrate Judge William Sherrill, who conducted a hearing on whether the second petition constituted abuse of the writ. Following that hearing, Magistrate Judge Sherrill entered a report and recommendation to United States District Court Judge Lacey Collier, recommending that the court grant the state's motion for summary judgment on Summers' actual innocence claim, but deny the motion on abuse of the writ. The magistrate judge found that Summers met the cause and prejudice standard necessary to overcome the abuse of the writ defense, and he recommended that the case be remanded for a full evidentiary hearing on the merits of Summers' claim.

On July 10, 1995, Judge Collier entered an order adopting the report and recommendation as to the issue of actual innocence, but rejecting the report as to the abuse of the writ claim. Judge Collier's order granted summary judgment for the state. Summers then perfected his appeal.

After the record was certified and reviewed, Summers' counsel discovered that Judge Collier had been an assistant state attorney involved in the hearing on Summers' first petition for post-conviction relief. On October 6, 1994, four months after Judge Collier issued his order denying habeas corpus relief, Summers moved for the court to temporarily relinquish jurisdiction and for another district judge to be assigned to review the report and recommendation.

The Clerk of Court notified Summers' attorney that a motion should first be filed pursuant to Fed.R.Civ.P. 60(b) and Summers filed a Motion for Relief from Order under Rule 60(b) on

November 7, 1995. Summers moved the district court to vacate the July 10, 1995 order which granted the state's motion for summary judgment and to allow another district judge to consider the report and recommendation. On November 21, 1995 Judge Collier denied the motion. Summers filed a timely notice of appeal of this order on December 13, 1995.

On that same date, he filed a motion to consolidate the appeal from the district court's original order granting summary judgment for the state on Summers' habeas corpus petition, with the appeal of the district court's order of November 21, 1995, denying the Rule 60(b) motion. That motion was granted.

We have jurisdiction over an appeal from a final order in a federal habeas corpus case under 28 U.S.C. § 2253.[1] We have jurisdiction over a final order from a district court under 28 U.S.C. § 1291.

B. Factual History

The factual background to petitioner's motion to disqualify under 455(b) is as follows: Summers appealed Judge Collier's grant of summary judgment on his second federal habeas corpus petition. After the record was certified for appeal, Robert A. Harper, Jr., Summers' counsel, discovered while reviewing transcripts of the evidentiary hearing on Summers' first state court habeas proceeding that Judge Collier had been an assistant state attorney involved in that hearing.

The assistant state attorney representing Florida at that hearing was Albert H. Grinsted. He sought to introduce the testimony of Mr. Lacey Collier, another assistant state attorney, for the purpose of impeaching the testimony of petitioner's mother, Dawn Summers. Grinsted proffered that Collier would testify that Mrs. Summers had the opportunity to talk to an official about improprieties in her son's case, but did not at that time. Mr. Harper was petitioner's attorney in that proceeding. Harper argued that this would be, at best, a collateral issue, and the court agreed.

---

[1]At oral argument, counsel questioned our jurisdiction in the absence of a Certificate of Probable Cause for No. 3696 as required by 28 U.S.C. § 2253. We are confident of our jurisdiction to decide the issues presented in both appeals. The district court issued a Certificate of Probable Cause for No. 95-2952, and Summers filed a motion to consolidate both petitions for appeal. When this Court granted Summers' motion to consolidate both appeals, it recognized the existence of probable cause in his second appeal.

COURT: Does the Court understand that it's not your contention that she did, in fact talk to someone else and get that information, but merely that she had the opportunity to do so?

GRINSTED: Yes, sir, she had the opportunity to do it and did not.

COURT: I won't allow it in, counselor, it's immaterial.

(R1-56-353-54).

After realizing that assistant state attorney Collier was now the district judge who had granted summary judgment for the state on his client's second federal habeas petition, Harper filed a motion to disqualify the judge under 28 U.S.C. § 455(b). Judge Collier denied the motion, stating that "this Court has no memory of the underlying case."

## II. ISSUES PRESENTED

Summers raises several issues on appeal relating to his petition for habeas corpus relief and the denial of his Rule 60(b) motion. Only one issue merits our discussion: whether the district court properly denied Summers' Rule 60(b) motion to disqualify Judge Collier pursuant to 28 U.S.C. § 455(b).

We summarily affirm the district court on all other issues raised by Summers in both appeals. *See* Eleventh Circuit Rule 36-1.

## III. STANDARD OF REVIEW

Whether a motion to disqualify under 28 U.S.C. § 455(b) must be timely filed is an issue of first impression in this Circuit. Thus, it is a question of law and is reviewed *de novo. Dominguez v. Tom James Co.,* 113 F.3d 1188 (11th Cir.1997).

## IV. DISCUSSION

Summers' motion to disqualify pursuant to Fed.R.Civ.P. 60(b), contends that Judge Collier should disqualify himself under 28 U.S.C. § 455(b)(3), because the judge was a material witness for the state in Summers' initial Rule 3.850 proceeding and because the judge participated as an assistant state attorney in that proceeding.

Section 455 provides, in pertinent part, that a judge should disqualify himself under certain circumstances:

(a) Any justice, judge, or magistrate of the United States shall disqualify himself in any proceeding

in which his impartiality might reasonably be questioned.

(b) He shall also disqualify himself in the following circumstances:

> (3) Where he has served in governmental employment and in such capacity participated as counsel, adviser or material witness concerning the proceeding or expressed an opinion concerning the merits of the particular case in controversy[.]

28 U.S.C. § 455(a), (b)(3).

As a threshold issue on this appeal, we must determine whether § 455(b) includes a requirement that a motion to disqualify must be timely filed. This is an issue of first impression for this Court. Summers argues that § 455(b) sets forth a *per se* rule for disqualification, and that timeliness can have no effect on a rule where the Judge has no discretion but must recuse himself. The state urges us to find a timeliness requirement in § 455(b), and further argues that under such a requirement Summers' motion was not timely.

Although no explicit timeliness requirement is stated in the language of § 455, the jurisprudence of this circuit has previously recognized that a motion to disqualify a judge or magistrate under § 455(a) must be timely filed. *United States v. Slay,* 714 F.2d 1093, 1094 (11th Cir.1983), citing *Delesdernier v. Porterie,* 666 F.2d 116, 121-23 & n. 3 (5th Cir.), *cert. denied,* 459 U.S. 839, 103 S.Ct. 86, 74 L.Ed.2d 81 (1982).

We have, however, also noted important differences between the two sections. Section 455(a) addresses the appearance of impropriety, and may be waived by the parties after full disclosure. *Parker v. Connors Steel Co.,* 855 F.2d 1510, 1527 (11th Cir.1988), *cert. denied,* 490 U.S. 1066, 109 S.Ct. 2066, 104 L.Ed.2d 631 (1989). Its purpose is to promote public confidence in the judiciary. *Liljeberg v. Health Services Corp.,* 486 U.S. 847, 108 S.Ct. 2194, 100 L.Ed.2d 855 (1988). Conversely, § 455(b) establishes a *per se* rule that lists certain circumstances requiring recusal. *Id.,* citing *United States v. Alabama,* 828 F.2d 1532, 1541 (11th Cir.1987). Section 455(b) and its subparts apply to genuine conflicts of interest or actual bias. Where these circumstances exist, disqualification may not be waived. *Id.*

In *Slay,* this Court previously suggested that § 455(b) might include a timeliness requirement. In that case, the defendant moved to disqualify the magistrate judge under both §

455(a) and (b)(1) following an adverse decision at a suppression hearing. This Court held that timeliness was a component of § 455(a), and that defendant's motion was untimely because counsel was aware of the facts which allegedly supported his motion to disqualify before the hearing. *Id.* at 1094. This Court did not reach the timeliness issue on defendant's § 455(b)(1) claim, because it found no evidence that the magistrate had based his decision on any extrajudicial information or on any personal bias or prejudice. *Id.* at 1095.

This Court again skirted timeliness with regard to § 455(b) in *United States v. State of Alabama,* 828 F.2d 1532 (11th Cir.1987). In that case, Alabama challenged the propriety of an African-American judge to hear an action seeking to end segregation in the state system of higher education. The motion to disqualify addressed, *inter alia,* the judge's early involvement as a state senator and private attorney with the same evidentiary facts now being disputed in his courtroom. The court noted that *Slay* treated claims brought under § 455(a) and (b)(1) differently, but declined to determine whether timeliness was required by § 455(b). *Id.* at 1544 n. 49. In granting the motion to disqualify under (b)(1), for personal knowledge of disputed evidentiary facts, the court suggested that timeliness might be applied to § 455(b), but that even if it did apply the motion had been timely filed. *Id.* The court reasoned that the motion to disqualify had been filed at the earliest possible opportunity, and that there was no purpose to delay or speculate on a favorable judgment. *Id.*

The facts of this case place the timeliness question squarely before us, and we now hold that timeliness is a component of § 455(b). Although the substantive differences between the two sections are clear, procedurally we see no reason to distinguish between them. We thus follow the approach set out in *Parker,* where it was held that the harmless error analysis which the United States Supreme Court applied to violations of § 455(a) in *Liljeberg v. Health Services Corp.* should apply to § 455(b) as well, despite the differences between the two sections. *Parker,* 855 F.2d at 1527-28; *Liljeberg,* 486 U.S. 847, 108 S.Ct. 2194, 100 L.Ed.2d 855 (1988). *Accord, Polaroid Corp. v. Eastman Kodak Co.,* 867 F.2d 1415, 1420 (Fed.Cir.1989). The policy considerations supporting a timeliness requirement are the same in each section: to conserve judicial resources and prevent a litigant from waiting until an adverse decision has been handed down before moving to disqualify

the judge.

We find the reasoning of *United States v. York,* 888 F.2d 1050 (5th Cir.1989), persuasive in this regard:

> A timeliness requirement under section 455(b) serves to protect against the same ploys as under section 455(a). However, the gains in judicial economy from a timeliness requirement are greater than those from permitting waiver ... a timeliness requirement will proscribe motions that would have invalidated a fully completed trial.

> Moreover, a timeliness requirement has an additional dimension: Prohibiting waiver may cost time and effort, but it is neutral with respect to the expected outcome of the case, as any waiver that would have occurred but for the prohibition would have been one to which both parties had agreed. Lack of a timeliness requirement, though, would allow the losing party an increased chance of a new trial. Thus, policy reasons supporting a timeliness requirement appear to be stronger than those supporting a waiver option. Hence, we conclude that it is more consistent with the legislative purposes underlying the entirety of section 455 for us to construe both subsections (a) and (b) as requiring timeliness.

*York,* 888 F.2d at 1055.

In declining to draw a distinction between § 455(a) and (b) on timeliness, we join the majority of courts that have decided the issue. *See, e.g., E. & J. Gallo Winery v. Gallo Cattle Co.,* 967 F.2d 1280, 1295 (9th Cir.1992); *United States v. Owens,* 902 F.2d 1154, 1155-56 (4th Cir.1990); *Oglala Sioux Tribe v. Homestake Mining Co.,* 722 F.2d 1407, 1414 (8th Cir.1983); *Willner v. University of Kansas,* 848 F.2d 1023, 1029 (10th Cir.1988); *Apple v. Jewish Hospital and Medical Center,* 829 F.2d 326, 334 (2d Cir.1987). Conversely, the Court of Appeals for the Seventh Circuit has held that there is no timeliness requirement for motions to disqualify. *United States v. Murphy,* 768 F.2d 1518, 1539 (7th Cir.1985). However, that rule has subsequently been questioned. *See Schurz Communications, Inc. v. F.C.C.,* 982 F.2d 1057, 1060 (7th Cir.1992) (denying a motion to disqualify under § 455(a) and (b) as being untimely).

Having determined that a motion filed under § 455(b) must be timely filed, we must now consider whether Summers' motion to disqualify Judge Collier meets that standard. We find that it does not. Other jurisdictions have declined to adopt a *per se* rule on timeliness, and neither will we. *See, e.g., Preston v. United States,* 923 F.2d 731, 733 (9th Cir.1991) (filing required with reasonable promptness after the grounds are ascertained); *York,* 888 F.2d at 1056 (finding untimeliness where defendant was generally aware of the circumstances upon which his motion was

based before trial, but did not move to disqualify until after trial); *Apple v. Jewish Hospital and Medical Center,* 829 F.2d 326, 333 (2d Cir.1987) (holding motion to disqualify was untimely and must be made at the earliest possible moment after obtaining knowledge of facts demonstrating the basis for such a claim). We hold that a motion to disqualify filed under § 455(b) must be filed within a reasonable time after the grounds for the motion are ascertained. Certainly, where the facts are known before a legal proceeding is held, waiting to file such a motion until the court has ruled against a party is untimely. Both Summers and his counsel were present when the circumstances underlying petitioner's motion arose. They did not raise the issue until after an adverse decision on the magistrate judge's report and recommendation had been entered. This was too late.

## V. CONCLUSION

We hold that 28 U.S.C. § 455(b) contains a timeliness requirement, and that Petitioner's motion was not timely filed. The decision of the district court is AFFIRMED.