[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT
_____

No. 13-14807
Non-Argument Calendar
_____

D.C. Docket No. 0:11-cv-62510-RNS


MARGARET JALLALI,

Plaintiff-Appellant,

versus

USA FUNDS,
WEST ASSET MANAGEMENT, INC.,
SUN HEALTHCARE GROUP,

Defendants-Appellees.

_____

Appeal from the United States District Court
for the Southern District of Florida
_____

(September 2, 2014)


Before TJOFLAT, JORDAN and BLACK, Circuit Judges.

PER CURIAM:

Margaret Jallali, proceeding pro se, appeals (1) the district court's denial of her post-judgment motion to recuse the district court judge under 28 U.S.C. § 455 and (2) the denial of her motion for relief from final judgment under Federal Rule of Civil Procedure 60(b)(1).  Upon review,[1] we reject Jallali's arguments on both counts and affirm.

Dealing first with Jallali's motion for recusal,[2] we conclude that the motion was both untimely and meritless.  Although § 455 does not include an explicit timeliness requirement, a motion to disqualify a judge must nonetheless be "filed within a reasonable time after the grounds for the motion are ascertained." *Summers v. Singletary*, 119 F.3d 917, 921 (11th Cir. 1997).  Jallali did not file her motion for recusal until eight months after the first order she argues evinced bias or prejudice.  Under the circumstances, this was an unreasonable delay.  *See id.* ("Certainly, where the facts are known before a legal proceeding is held, waiting to file such a motion until the court has ruled against a party is untimely.").

Moreover, the motion was meritless because an objective, fully-informed lay observer would not entertain significant doubt about the judge's impartiality.  *See*

---

[1] We review a district court judge's denial of a motion for recusal for abuse of discretion. *In re Walker*, 532 F.3d 1304, 1308 (11th Cir. 2008).  Likewise, "a district court's order under Rule 60(b) is reviewable only for abuse of discretion." *Am. Bankers Ins. Co. of Fla. v. Nw. Nat'l Ins. Co.*, 198 F.3d 1332, 1338 (11th Cir. 1999).

[2] We reject Appellees' contention that we lack jurisdiction over the order denying Jallali's motion for recusal.  That post-judgment order is final in that it disposed of all the issues raised in the motion that gave rise to the post-judgment proceeding.  *See* 28 U.S.C. § 1291; *Mayer v. Wall St. Equity Grp., Inc.*, 672 F.3d 1222, 1224 (11th Cir. 2012).

2

*In re Walker*, 532 F.3d 1304, 1308 (11th Cir. 2008).  The orders, language, and conduct Jallali complains of are the district court's descriptions of and attempts to address Jallali's and her counsel's misconduct in the proceedings before it.  Were such actions sufficient to establish the pervasive bias and prejudice necessary to obtain recusal based on bias not stemming from extrajudicial sources, *see id.* at 1311, district judges would be powerless to address misconduct without subjecting themselves to recusal.  Instead, the general rule is that "judicial remarks . . . that are critical or disapproving of, or even hostile to, counsel, the parties, or their cases, ordinarily do not support a bias or partiality challenge." *Liteky v. United States*, 510 U.S. 540, 555 (1994).  Accordingly, the district court did not abuse its discretion by denying Jallali's motion to recuse.

Turning to Jallali's motion under Rule 60(b),[3] Jallali argues the district court should have granted relief from its order dismissing her complaint with prejudice because that order was based on the erroneous conclusion that Jallali had violated Federal Rule of Civil Procedure 15 by improperly filing an amended complaint. Again, Jallali's argument is meritless.  Even assuming the district court incorrectly determined that she violated Rule 15 and that this error was of the sort contemplated by Rule 60(b), *see Carter v. United States*, 780 F.2d 925, 928 (11th

---

[3] We reject Appellees' argument that we lack jurisdiction over the order denying Jallali's Rule 60(b) motion.  Though "narrow in scope," "[a]n order granting or denying relief under Rule 60(b) is final and appealable." *Am. Bankers*, 198 F.3d at 1338.

3

Cir. 1986) (explaining that Rule 60(b) allows trial judges to correct "obvious errors" (internal quotation marks omitted)), the district court specifically explained that the Rule 15 violation was merely one of a litany of abuses that warranted its dismissal of Jallali's complaint.  Consequently, even if Jallali's were correct that she did not violate Rule 15, this would not justify relief under Rule 60(b) because the district court would have ruled—and would have been justified in ruling—the same way.  The district court therefore did not abuse its discretion in denying Jallali's Rule 60(b) motion.[4]

   **AFFIRMED.**

---

[4] We do not consider Jallali's arguments as to the judgment and prejudgment sanction orders that were not designated in the notice of appeal, as we lack jurisdiction to do so.  *See Rinaldo v. Corbett*, 256 F.3d 1276, 1278 (11th Cir. 2001) (explaining that in a civil case a timely notice of appeal is a jurisdictional requirement).