FILED
05/21/2026
Clerk of the
Appellate Courts

N THE COURT OF APPEALS OF TENNESSEE
AT NASHVILLE
Assigned on Briefs April 30, 2026

## JO KELLY STEPHENSON v. 2300 & 2306 SSR PROPERTY TRUST ET AL.

**Appeal from the Chancery Court for Davidson County**
**No. 24-0277-I          Patricia Head Moskal, Chancellor**

———————————————————

**No. M2026-00621-COA-T10B-CV**

———————————————————

Plaintiff appeals the denial of her motion to recuse the trial court judge, which raised allegations of bias related to, inter alia, the treatment of her pro se status and her lack of personal notice of court filings, the lack of response to her ex parte communication, the failure to report alleged attorney misconduct, and the entry of certain court orders. Discerning no reversible error, we affirm.

**Tenn. Sup. Ct. R. 10 B Interlocutory Appeal as of Right; Judgment of the Chancery Court Affirmed and Remanded**

J. STEVEN STAFFORD, P.J., W.S., delivered the opinion of the court, in which FRANK G. CLEMENT, JR. C.J., and KRISTI M. DAVIS, J., joined.

Jo Kelly Stephenson, Madison, Tennessee, Pro se.

## OPINION

### I.

This case began in March 2024, when Plaintiff/Appellant Jo Kelly Stephenson ("Plaintiff") filed a complaint against Defendants 2300 & 2306 SSR Property Trust, Erian Goda, and Titi Properties & Preservation, Inc. ("Titi Properties", and collectively "Defendants") in the Davidson County Chancery Court ("the trial court"). Attorney Matthew A. Moushon signed the complaint on behalf of Plaintiff. In May 2024, Defendants filed an answer to the complaint, by and through their counsel, Attorney Douglas Waterman. The case lay dormant for nearly a year until the trial court entered a case management order and the parties agreed to a scheduling order.

In November 2025, Plaintiff, by and through counsel, filed a motion to amend her

ad damnum clause, along with some other filings in support of her claim. According to Plaintiff, some purported filings were not properly filed or omitted pages. For example, although it appears that Plaintiff filed a motion for partial summary judgment, Plaintiff contends that this motion is not included in the stamp-filed documents that were later made available to her from the Clerk & Master. And a declaration that was filed in support of the motion for summary judgment omitted certain pages/paragraphs in the interior of the document.

On December 15, 2025, Attorney Mark T. Freeman filed a notice of appearance on behalf of 2300 & 2306 SSR Property Trust and Erian Goda, as well as a proposed agreed order for substitution of counsel. On December 18, 2025, Attorney Waterman and Attorney Cody Johnson filed a proposed order substituting Attorney Johnson as counsel for Titi Properties.

A hearing on Plaintiff's motion to amend her ad damnum clause was held on December 19, 2025; Plaintiff's counsel was present but she was not. On December 30, 2025, the trial court entered an order noting that while a proposed order of substitution was filed by Attorney Freeman, no motion to withdraw had been filed by the counsel of record for 2300 & 2306 SSR Property Trust and Erian Goda, Attorney Waterman. Attorney Waterman had also not signed the proposed order and Defendants were not served with a copy. So the trial court directed Attorney Waterman to file a motion to withdraw. According to Plaintiff, Attorney Waterman never did so. Eventually, Attorney Johnson filed a motion to withdraw.

On January 13, 2026, Attorney Moushon filed a motion to indefinitely continue any hearing on Plaintiff's motion for partial summary judgment due to the shuffling of counsel; according to Plaintiff, she did not consent to this action.

On January 20, 2026, the trial court granted Plaintiff's motion to amend her ad damnum from $400,000.00 to $2 million. The order stated that Plaintiff could file a First Amended Complaint containing the amendment "within 10 days after entry of this Order." This included handwritten alterations from the proposed order, which stated that Plaintiff could file the amended complaint "upon entry of this Order." According to Plaintiff, no amended complaint was filed in the following ten days.

At this time, Plaintiff asserts that she terminated Attorney Moushon "for cause." In furtherance of that action, Plaintiff contends that she emailed both the trial court judge, Chancellor Patricia H. Moskal, and the Clerk & Master, Maria M. Salas, to inform them that she had terminated Attorney Moushon's representation. The email sent by Plaintiff is not included in the documents on appeal. According to Plaintiff, on February 27, 2026, she appeared at the Davidson County courthouse "to report the attorney misconduct and termination in person, register for pro se representation, and gain access to her case documents for the first time since she was unable to view them electronically." While

Plaintiff was allegedly physically present at the courthouse, Ms. Salas responded to her email as follows:

> [Plaintiff] — I have been asked to reach out to you regarding an email you sent yesterday to Chancellor Patricia Moskal regarding the above-referenced case. The email indicated a copy was sent to me also, but I have not received it.
>
> Please be advised that an email to a Chancellor or to this office is not considered a filing with the court and no action is taken on such emails. Any matter to be addressed by the Court should be filed in the case with the case caption and include a signature of a party or attorney and a certificate of service for opposing counsel or party.
>
> It is my understanding the email indicated you have terminated your relationship with your attorney Matt Moushon. However, as Mr. Moushon is still your counsel of record in the case, I have copied him on this email to you. Again, no action other than this courtesy response is being taken on your February 26, 2026 email to Chancellor Moskal.

Plaintiff further alleges that she met with Ms. Salas in person on that date, where Ms. Salas "denied Plaintiff's request to register for pro se e-filing access, advising that Plaintiff must have an attorney to access the system."

Plaintiff asserts that on March 2, 2026, she attempted to file a notice of pro se appearance and a "Motion for Protective Stay" electronically, but both were rejected by the clerk. On the same day, Attorney Moushon filed a motion to withdraw "at the request of the Plaintiff." Plaintiff thereafter appeared in person to personally file a notice of pro se appearance, a motion for a protective stay of proceedings seeking a sixty day continuance to retain new counsel and review the case file for irregularities, and a waiver of notice and hearing regarding Attorney Moushon's motion to withdraw, consenting to the withdrawal and asking that the trial court enter an order of withdrawal immediately.

On March 26, 2026, Plaintiff filed a motion to recuse Chancellor Moskal. The motion was accompanied by a declaration under penalty of perjury and argued that recusal was necessary because she had been "systematically excluded from the judicial process." Specifically, Plaintiff alleged that her case "has proceeded in a 'Shadow Docket' designed to exclude the Plaintiff"; that she had been subject to "an information blackout, as prior counsel suppressed court filings" and failed to give Plaintiff notice; that the online electronic record of the case was inaccurate and "contained zero (0) uploaded documents and zero contact information for the Plaintiff" resulting in Plaintiff lacking proper notice and being denied due process; and that "ghost attorneys" had been allowed to operate in the case despite never properly filing notices to appear. According to Plaintiff, the fact that this case was "conducted almost entirely off-book" indicates "a pervasive lack of impartiality" in violation of the Judicial Code of Conduct.

- 3 -

The motion also made allegations against Ms. Salas, the other attorneys who had been involved in the case, and Attorney Moushon—including that he suppressed evidence. Plaintiff further took issue with the trial court judge's use of electronic signatures, as she asserted that this was part of a "Settlement Shell Game." And Plaintiff asserted that the trial court judge had ultimate responsibility for all of the alleged failures in this case and should therefore be removed from this matter due to the disparate treatment exacted upon Plaintiff.

The next day, Plaintiff filed a notice that she was opposing Attorney Moushon's motion to withdraw "as written" and rescinding her waiver. In the same document, however, Plaintiff also terminated Attorney Moushon's permission to act in any way on her behalf. Plaintiff further suggested that Attorney Moushon had no authority to act on her behalf because he filed no notice of appearance.

The trial court denied Plaintiff's motion to recuse by order of April 7, 2026. First, the trial court noted that because Attorney Moushon's motion to withdraw had not yet been ruled on, Plaintiff was technically not permitted to file a pro se motion to recuse. *See* Tenn. Sup. Ct. R. 10B § 1.01. The trial court nevertheless thoroughly considered the substance of Plaintiff's recusal motion, as a motion to withdraw was pending and Plaintiff had requested that Attorney Moushon no longer represent her.

The trial court judge next ruled that, subjectively, she could be impartial in this matter. The trial court judge noted that she had no personal connection to the case or the parties, no personal knowledge of the facts of the case, and no ill will toward Plaintiff or the attorneys involved.

The trial court judge further ruled that she could preside over the case under an objective standard. The trial court judge noted that Plaintiff's allegations "are less than clearly stated and are not supported by specific facts" but largely focused on "Attorney Moushon, her former attorney who has moved to withdraw, the attorneys for Defendants regarding service of papers, and the Clerk & Master's website and the Chancery Court's electronic filing system." The trial court found that while Plaintiff appeared to complain that she is not listed in the court's e-filing system for purposes of receiving notice, at all times in the matter, she was represented by counsel and all papers were properly sent to Attorney Moushon. The trial court also noted that so long as Plaintiff was represented by counsel, only her attorney could be contacted by opposing counsel under the Tennessee Rules of Professional Conduct. The trial court judge further remarked that to the extent that Plaintiff has complaints about the e-filing system, these complaints are not "directed to the presiding Chancellor as grounds for disqualification and recusal. None of these complaints implicate any impartiality or bias by the Court. These complaints instead indicate her unfamiliarity with and lack of understanding of the Court's e-filing system, the Rules of Civil Procedure, and the Rules of Professional Conduct."

To the extent that Plaintiff was complaining about discrepancies between the court record in the electronic filing system and the Clerk & Master's website, the trial court noted that the Clerk & Master's website "plainly states that it is not the Court's official record." The trial court further addressed Plaintiff's allegation that the Clerk & Master excluded her from litigating the case, noting that Plaintiff's email to the trial court judge was an improper ex parte communication that was properly returned to Plaintiff by the Clerk & Master. The trial court judge also noted that she had "no knowledge of any of [Plaintiff's] interactions with the Clerk & Master or staff members in her office." Moreover, the trial court judge found that "none of [Plaintiff's] complaints directed to the Clerk & Master [] implicate the Court's impartiality and do not provide a basis for the Court's recusal."

The trial court also addressed Plaintiff's contention that Attorney Moushon and Attorney Waterman were permitted to operate as "ghost attorneys" having never filed a notice of appearance in the matter. But the trial court noted that "[u]nder the Rules of Civil Procedure, Attorney Moushon's signing and filing the complaint on her behalf was the entry of his appearance as her counsel in this case. Similarly, Attorney Waterman's signing and filing an answer on behalf of Defendants constituted his entry of appearance as Defendants' counsel." The trial court further rejected an allegation that Attorney Johnson acted improperly by leaving out the initial zero in his Tennessee Board of Professional Responsibility ("Board of Professional Responsibility") number. And the trial court noted that certain proposed orders were properly excluded from the official record because they had not yet been signed by the trial court judge.

Next, the trial court addressed the allegations against Attorney Moushon, which it ruled were not directed to the judge and therefore did not serve as a basis for recusal. To the extent that Plaintiff asserted that the trial court's use of electronic signatures was improper and part of the "shadow docket" and "settlement shell game," the trial court judge ruled that her orders are part of the public record. The trial court finally rejected Plaintiff's argument under the "open courts" clause of the Tennessee Constitution as unsupported by specific facts. From this order, Plaintiff now appeals.

**II.**

Our sole concern in this interlocutory appeal is whether the trial court erred in denying Plaintiff's motion for recusal. *See **Duke v. Duke***, 398 S.W.3d 665, 668 (Tenn. Ct. App. 2012). Appeals from orders denying a motion to recuse are governed by Rule 10B of the Rules of the Supreme Court of the State of Tennessee. Under section 2.01 of Rule 10B of the Tennessee Supreme Court, a party is entitled to "an accelerated interlocutory appeal as of right" of an order denying a motion to recuse. The party effects an accelerated appeal by filing a petition for recusal appeal with this Court, accompanied by "a copy of the motion and all supporting documents filed in the trial court, a copy of the trial court's order or opinion ruling on the motion, and a copy of any other parts of the trial court record necessary for determination of the appeal." Tenn. Sup. Ct. R. 10B, § 2.03. "If

the appellate court, based upon its review of the petition for recusal appeal and supporting documents, determines that no answer from the other parties is needed, the court may act summarily on the appeal." Tenn. Sup. Ct. R. 10B, § 2.05. In this case, we have determined that no answer from Defendants is necessary, and we choose to act summarily on this appeal. *See also* Tenn. Sup. Ct. R. 10B, § 2.06 (stating that a 10B accelerated appeal should be decided on an expedited basis).

### III.

As the Tennessee Supreme Court explained regarding recusal:

"Tennessee litigants are entitled to have cases resolved by fair and impartial judges." *Cook v. State*, 606 S.W.3d 247, 253 (Tenn. 2020) (citing *Davis* [*v. Liberty Mut. Ins.*], 38 S.W.3d [560,] 564 [(Tenn. 2001)]); *see also State v. Griffin*, 610 S.W.3d 752, 757–58 (Tenn. 2020). To preserve public confidence in judicial neutrality, judges must be fair and impartial, both in fact and in perception. *Cook*, 606 S.W.3d at 253; *Kinard v. Kinard*, 986 S.W.2d 220, 228 (Tenn. Ct. App. 1998). To these ends, the Tennessee Rules of Judicial Conduct ("RJC") declare that judges must "act at all times in a manner that promotes public confidence in the independence, integrity, and impartiality of the judiciary, and shall avoid impropriety and the appearance of impropriety." Tenn. Sup. Ct. R. 10, RJC 1.2. Another provision declares that judges "shall uphold and apply the law, and shall perform all duties of judicial office fairly and impartially." *Id.*, RJC 2.2.

To act "impartially" is to act in "absence of bias or prejudice in favor of, or against, particular parties or classes of parties, as well as maintenance of an open mind in considering issues that may come before a judge." *Id.*, Terminology. "A judge shall disqualify himself or herself in any proceeding in which the judge's impartiality might reasonably be questioned." *Id.*, RJC 2.11(A).

Rule of Judicial Conduct 2.11 "incorporates the objective standard Tennessee judges have long used to evaluate recusal motions." *Cook*, 606 S.W.3d at 255. "Under this objective test, recusal is required if 'a person of ordinary prudence in the judge's position, knowing all of the facts known to the judge, would find a reasonable basis for questioning the judge's impartiality.'" *Id.* (quoting *Davis*, 38 S.W.3d at 564–65).

The intermediate appellate courts have explained that the proponent of a recusal motion bears the burden of establishing that recusal is appropriate and that any alleged acts of bias or prejudice arise from extrajudicial sources rather than from events or observations during the litigation of the case. *Tarver v. Tarver*, No. W2022-00343-COA-T10B-CV, 2022 WL 1115016, at *2 (Tenn. Ct. App. Apr. 14, 2022). A trial judge has a duty to serve unless the proponent establishes a factual basis warranting recusal. *Raccoon Mtn. Caverns & Campground, LLC v. Nelson*, No.

E2022-00989-COA-T10B-CV, 2022 WL 3100606, at *3 (Tenn. Ct. App. Aug. 4, 2022) (quoting *Rose v. Cookeville Reg'l Med. Ctr.*, No. M2007-02368-COA-R3-CV, 2008 WL 2078056, at *2 (Tenn. Ct. App. May 14, 2008)).

*Adams v. Dunavant*, 674 S.W.3d 871, 878–79 (Tenn. 2023) (per curiam). We review the trial court's denial of a motion for recusal under a de novo standard of review. Tenn. S. Ct. R. 10B, § 2.06.

The source of the alleged bias alters the burden that the party seeking recusal must bear. If the alleged bias originates during the course of the proceedings, "the party seeking recusal has a greater burden to show bias that would require recusal, i.e., that the bias is so pervasive that it is sufficient to deny the litigant a fair trial." *Runyon v. Runyon*, No. W2013-02651-COA-T10B-CV, 2014 WL 1285729, at *6 (Tenn. Ct. App. Mar. 31, 2014) (quoting *McKenzie v. McKenzie*, No. M20140-00010-COA-T10B-CV, 2014 WL 575908, at *1 (Tenn. Ct. App. Feb. 11, 2014)). This Court has described a "pervasive" bias as one that "reflect[s] an utter incapacity to be fair." *Groves v. Ernst-W. Corp.*, No. M2016-01529-COA-T10B-CV, 2016 WL 5181687, at *5 (Tenn. Ct. App. Sept. 16, 2016).

On appeal, Plaintiff raises multiple classes of allegations: (1) allegations of bias due to the trial court judge's failure to report alleged attorney misconduct; (2) allegations of bias regarding the trial court's orders; (3) allegations of bias related to Plaintiff not receiving personal notice of documents filed in this case; (4) allegations of bias related to the handling of Plaintiff's February 2026 email; and (5) allegations of bias for allegedly treating Plaintiff differently than represented parties. As we perceive it, none of these allegations involve an extrajudicial source and therefore Plaintiff bears the burden to demonstrate a pervasive bias. After a thorough review of Plaintiff's petition for recusal appeal and supporting documents, we conclude that Plaintiff has failed to demonstrate "any evidence that the trial judge's actions in this case were the result of bias, prejudice, impropriety, or harassment." *Watson v. City of Jackson*, 448 S.W.3d 919, 933 (Tenn. Ct. App. 2014).

As an initial matter, we note that some of Plaintiff's arguments, such as her argument that the trial court judge should not have imposed a ten-day filing requirement on the filing of an amended complaint increasing the ad damnum clause, take issue with the trial court's rulings in this matter. We note, however, that "[r]ulings of a trial judge, even if erroneous, numerous and continuous, do not, without more, justify disqualification." *Id.* at 933 (citing *Duke v. Duke*, 398 S.W.3d 665, 671 (Tenn. Ct. App. 2012)). Moreover, "[p]ursuant to [Tennessee Supreme Court Rule 10B], we may not review the correctness or merits of the trial court's other rulings[.]" *Duke*, 398 S.W.3d at 668. We do note, however, that trial courts are under no obligation to accept agreed orders and may alter agreed orders to reflect their independent judgment. *Cf. Smith v. UHS of Lakeside, Inc.*, 439 S.W.3d 303, 314 (Tenn. 2014) (holding that a trial court's order should

be "the product of the trial court's independent judgment"). The fact that the trial court judge granted Plaintiff's motion to amend with slightly altered conditions than proposed by the parties is simply not evidence of bias or "asymmetrical" treatment of Plaintiff compared to the other parties.[1]

Plaintiff's various arguments concerning alleged mistakes or inaction by Attorney Moushon are also without merit.[2] We agree with the trial court that many of these allegations are not related to any actions on the part of the trial court judge and therefore do not demonstrate any bias or prejudice that would require her disqualification.[3] We also agree that many of Plaintiff's arguments appear to stem from a fundamental misunderstanding of how notice of appearances and service of papers operate in the trial court. Importantly, Tennessee law generally provides that a notice of appearance may be had by "filing any pleading." ***Patterson v. Rockwell Int'l***, 665 S.W.2d 96, 99 (Tenn. 1984) ("It has been said that the filing of any pleading, making or resisting of any motion, filing of exceptions to a Master's report, taking of depositions to be read in a cause, making of any agreement with plaintiff or his attorney relative to any proceeding in a cause, or any other act in the cause, between the filing of the complaint and rendition of the final decree, whereby pendency of the suit is recognized, expressly or by implication, will, if there be record evidence of the fact, constitute a general and unlimited appearance, unless limited by express declaration or by necessary implication."). Indeed, the local rules of practice for Davidson County explicitly state that "[e]ntry of an appearance will be made in one of the following ways: . . . the filing of pleadings." Davidson County Local Rule 5.01. Here, Attorney Moushon filed the complaint on behalf of Plaintiff; the filing of the complaint therefore served as formal notice of his appearance on behalf of Plaintiff in this matter.[4]

Because Attorney Moushon was Plaintiff's counsel of record, he was therefore the individual that was served notices as Plaintiff's representative in this case. Rule 5.02 of the Tennessee Rules of Civil Procedure explicitly states that "[w]henever under these rules service is required or permitted to be made on a party represented by an attorney, the service shall be made on the attorney unless service on the party is ordered by the court." Similarly, the Davidson County local rules provide that "[i]f a party does not have counsel of record, copies of the pleadings filed will be furnished to the party. If a party does not

_____

[1] Although the documents provided to us do not demonstrate that an amended complaint was filed in the time permitted by the trial court, it is unclear if there has been an attempt to file an amended complaint outside that window that was prohibited by the trial court due to the expired deadline. As such, we are not aware of any ruling that actually prohibits Appellant from increasing the damages she is claiming.

[2] Appellant's complaints include continuing any hearing on her motion for summary judgment, omitting pages from filed documents, and failing to file the amended complaint in the prescribed time period.

[3] The same is true concerning any interactions that Plaintiff personally had with members of the Clerk & Master's staff.

[4] Attorney Waterman's representation in answering the complaint similarly served as a notice of appearance on behalf of Defendants.

have counsel of record, opposing counsel will call that fact to the attention of the court before any action is taken on any pleading filed which substantially affects the case." Davidson County Local Rule 5.03. Indeed, as the trial court pointed out, other attorneys were not permitted to contact Plaintiff directly so long as she is represented by counsel. *See* Tenn. Sup. Ct. R. 8, RPC 4.2 ("In representing a client, a lawyer shall not communicate about the subject of the representation with a person the lawyer knows to be represented by another lawyer in the matter, unless the lawyer has the consent of the other lawyer or is authorized to do so by law or a court order."). So then, so long as Plaintiff was represented by counsel, the law did not require, and sometimes even prohibited, that she be personally served with the papers associated with this case. And while Plaintiff complains that neither her nor Attorney Moushon's contact information was included in the electronic Odyssey filing system, Appellant has not pointed to a single order entered in this case by the trial court that was neither signed by Attorney Moushon nor served on him as evidenced by a certificate of service. As a result, it appears that Appellant, by and through her counsel of record, was receiving proper notice of orders entered by the trial court in this case regardless of whether contact information was listed in the electronic filing system.

Of course, it now appears that Plaintiff has terminated the services of Attorney Moushon.[5] But Plaintiff's own actions have somewhat muddied this issue. After the termination, Attorney Moushon filed a notice to withdraw, which Plaintiff initially consented to. Thereafter, however, Plaintiff withdrew her consent based, apparently, on the verbiage used in Attorney Moushon's motion. As such, any resolution of the question of Attorney Moushon's representation was delayed by Plaintiff's own actions.[6] When the petition for recusal appeal was filed, Attorney Moushon continued to serve as attorney of record for Plaintiff. As a result, all of Plaintiff's complaints stemming from the lack of notice to her individually and her alleged prohibition from litigating pro se while still technically represented by Attorney Moushon not only do not show evidence of bias by the trial court but are also fundamentally incorrect.

Plaintiff also appears to take issue with the fact that the trial court judge declined to recuse after receiving an ex parte communication from Plaintiff. Respectfully, we disagree. First, we note that because the email from Plaintiff is not included in the documents included with Plaintiff's petition for recusal appeal, we are unable to review it. Importantly, certain types of ex parte communications are not prohibited, such as those involving administrative issues. *See* Tenn. Sup. Ct. R. 10, Canon 2.9(A)(1) (describing certain exceptions to the prohibition on ex parte communications, such as scheduling or administrative issues). It is true, however, that even under these circumstances, the judge

---

[5] For this reason, the trial court proceeded to consider Plaintiff's motion to recuse in spite of the prohibition in Rule 10B. *See* Tenn. Sup. Ct. R. 10B § 1.01("A party who is represented by counsel is not permitted to file a pro se motion under this rule."). We follow the same reasoning in this appeal.

[6] Plaintiff filed a motion for a stay with this Court, stating that the trial court had set Attorney Moushon's motion to withdraw for hearing on May 15, 2026. Thus, Plaintiff asked to delay that hearing even further. We denied the stay by order of May 4, 2026.

is generally required to notify all parties of these types of communications, and it does not appear that Defendants were notified of the communication until it was referenced in the motion to recuse. *Id.* 2.9(A)(1)(b). But nothing in Plaintiff's petition for recusal appeal suggests that Defendants objected to the lack of communication about this email, largely unrelated to their interests as it was.

Moreover, even when the trial court judge participates in a prohibited ex parte communication, recusal is only required "where [the communication] creates an appearance of partiality or prejudice against a party so as to call into question the integrity of the judicial process." ***Holsclaw v. Ivy Hall Nursing Home, Inc.***, 530 S.W.3d 65, 72 (Tenn. 2017) (quoting ***Runyon***, 2014 WL 1285729, at *9). We do not conclude that this standard has been met in this case. For one, parties are generally not entitled to manufacture grounds for recusal. *See **United States v. Owens***, 902 F.2d 1154, 1156 (4th Cir. 1990) ("Parties cannot be allowed to create the basis for recusal by their own deliberate actions."). Here, it was Plaintiff who attempted to communicate with the trial court judge outside of the official record and she was promptly informed by the Clerk & Master that her email was not a proper way to communicate with the court; it is unclear what more that could have been done to ameliorate any harmful effect in this situation. Moreover, absolutely nothing in the record indicates that because of this communication, an appearance of bias or partiality has been created. Here, Plaintiff simply made a communication to the trial court that was not proper, was informed of the impropriety, and directed how to properly file things with the court. Nothing untoward occurred in this situation such that an appearance of impropriety was created.

To the extent that Plaintiff contends that the trial court judge created an appearance of impropriety in not accepting her complaint against Attorney Moushon, tolerating Attorney Moushon's alleged dilatory conduct, and not reporting Attorney Moushon for his alleged misconduct, we likewise conclude that these allegations do not necessitate recusal. In essence, Plaintiff lists Attorney Moushon's alleged missteps in this case, all of which she asserts have caused her harm, and asserts that the trial court's refusal to take action, either by reporting Attorney Moushon to the Board of Professional Responsibility or taking other action, creates the appearance of bias or partiality. We respectfully disagree.

Before addressing the merits of this argument, we note that it does not appear that Plaintiff argued in her recusal motion that the trial court judge was obligated to report Attorney Moushon's alleged misconduct or that her apparent refusal to do so was evidence of bias or prejudice. Instead, it appears that this particular argument has been raised for the first time on appeal. But we generally do not entertain arguments that were not first raised in the trial court. *See **Beaman v. Beaman***, No. M2018-01651-COA-T10B-CV, 2018 WL 5099778, at *12 (Tenn. Ct. App. Oct. 19, 2018) (noting "the well-settled proposition that issues not raised at the trial level are considered waived on appeal"); *see also **Vazeen v. Sir***, No. M2022-00273-COA-R3-CV, 2023 WL 6160350, at *11 (Tenn. Ct. App. Sept. 21, 2023) (waiving an argument in a recusal appeal that was raised for the first time on appeal).

This is even more true here, as Plaintiff is essentially complaining that the trial court refused to take action that she has not shown she ever requested from the trial court.[7] Even considering this argument, however, we conclude that it does not establish a pervasive bias or appearance of partiality such that recusal is mandated.

The appellant in a recent case employed a similar argument. *See Schmeeckle v. Hamilton Cnty.*, No. E2023-01533-COA-T10B-CV, 2023 WL 8093111 (Tenn. Ct. App. Nov. 20, 2023). In *Schmeeckle*, the appellant attempted to bring to the trial court's attention what he characterized as attorney misconduct that occurred in his case. *Id.* at *3. The trial court denied the request to raise the issue of misconduct, explaining that the issue was not properly before her, and also found that the attorney had not committed misconduct in the case so far. *Id.* at *2. Like Plaintiff here, the appellant in *Schmeeckle* argued that the trial court's action failed in her duty to report misconduct to the Board of Professional Responsibility. *See* Tenn. Sup. Ct. R. 10, RJC 2.15(B) ("A judge having knowledge that a lawyer has committed a violation of the Rules of Professional Conduct that raises a substantial question regarding the lawyer's honesty, trustworthiness, or fitness as a lawyer in other respects shall inform the appropriate authority.").

We held, however, that the trial court's actions did not warrant recusal. As we explained,

> [The] [a]ppellant has cited no law that mandates that a trial court must serve as a conduit for a litigant to make allegations against an attorney for professional misconduct when that issue is not presently before the court pursuant to a pending motion for sanctions or other relief, in an apparent effort to force the trial judge to make a complaint against the attorney; as the trial court stated, if [a]ppellant believed that professional misconduct occurred, he was free to raise those allegations to the Board of Professional Responsibility himself. Under these circumstances, we cannot conclude that these facts would lead an ordinary person to question the trial judge's impartiality.

*Id.* at *7.

The same is true in this case. If Plaintiff believes that Attorney Moushon has committed misconduct in this case, it is her prerogative to file a complaint against him with the Board of Professional Responsibility. The trial court's refusal to entertain Plaintiff's complaints against Attorney Moushon, to make a complaint against Attorney Moushon

---

[7] In fact, while we assume for purposes of this appeal that the trial court judge has not reported any alleged misconduct by Attorney Moushon to the Board of Professional Responsibility, the record does not reflect definitive proof that no complaints have been made. Of course, we offer no opinion as to whether anything that occurred in this case rises to the level of misconduct.

under Rule 2.15 (particularly when Plaintiff never requested that relief), or to take other action in light of Plaintiff's complaints simply would not lead an ordinary person to question the trial court judge's impartiality.

In sum, we conclude that, after reviewing all of Plaintiff's arguments, Plaintiff has not met her burden to show either a pervasive bias or an appearance of impropriety in this case. We sympathize with Plaintiff's frustrations as to how this case has lingered without resolution. However, it is not the trial court judge's duty to prosecute a case for its litigants. Here, the trial court judge has done nothing to indicate that under an objective standard, she cannot preside over this case with fairness and integrity. The trial court judge's denial of Plaintiff's recusal motion is therefore affirmed.

## IV.

The judgment of the Davidson County Chancery Court is affirmed, and this cause is remanded to the trial court for further proceedings. Costs of this appeal are taxed to Appellant Jo Kelly Stephenson, for which execution may issue if necessary.

s/ J. Steven Stafford
J. STEVEN STAFFORD, JUDGE